UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

GUIDEONE SPECIALITY MUTUAL INSURANCE
COMPANY,

                        Plaintiff,    ORDER

      - against -                CV 2005-1401 (DLI)(MDG)

YESHIVA SHEARITH HAPLETAH, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - -X

    This is a declaratory judgment action brought by plaintiff Guideone Speciality Mutual Insurance Company for a declaration that plaintiff is not obligated to defend and indemnify under a policy of general liability insurance issued to defendants Yesthiva Shearith and/or Beth Chana School with respect to claims made by Enukui Castro Rodrigues in connection with an accident on January 15, 2003. By letter dated December 13, 2005 (ct. doc. 12), plaintiff moved for leave to amend the complaint to join Mr. Rodriguez and to add a claim with respect to coverage for an action commenced by Mr. Rodriguez on August 25, 2005.[1]

---

[1] As a preliminary matter, I note that I have the authority to decide plaintiff's motion to amend pursuant to 28 U.S.C. § 636(b)(1)(A). See Kilcullen v. New York State Dept. of Transp., 55 Fed.Appx. 583, 584, 2003 WL 151251. at *2 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that
(continued...)

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides for liberal amendment of pleadings and directs that leave to amend a complaint shall be "freely given when justice so requires."  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Grace v. Rosenstock, 228 F.3d 40 (2d Cir. 2000), cert. denied, 121 S. Ct. 1362 (2001); Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (leave to assert affirmative defense).  Courts should ordinarily grant leave to amend, unless the moving party has proceeded in bad faith, there is undue prejudice to the other parties or the amendment would be futile.  Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)), cert. denied, 513 U.S. 915 (1994).

To date, no opposition has been received.  Since the new claim concerns plaintiff's obligations to defend and indemnify under the same policy with respect to a new lawsuit arising from the same incident underlying the claims originally asserted in

---

[1](...continued)
the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir.2000)); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 201 (2d Cir. 2000) (same).  Thus, Fed. R. Civ. P. 72(a) governs any objections to this order.

the complaint, it makes little sense to deny leave and require commencement of a separate action. The Court notes that the current defendants have asserted a defenses of estoppel and laches. Even if such defenses were applicable as to the amended claims, such defendants involve factual disputes not appropriately addressed in the context of a motion to amend. See Silberblatt, 608 F.2d at 42 (reversing denial of leave to amend where "the alleged futility of the amendment rests on findings of fact").

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is granted. The amended complaint should be filed by May 31, 2006 and service upon the new defendant completed forthwith.

**SO ORDERED.**

Dated: Brooklyn, New York
May 24, 2006

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE